815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. CHANNEY, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Buick, Olds, Cadillac (B.O.C.),
formerly Fisher Body Division, a Delaware
Corporation, and U.A.W., Local 488,
Defendants- Appellees.
 No. 85-1932.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1987.
 
 Before LIVELY, Chief Judge, RYAN, Circuit Judge, and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of the district court granting summary judgment in favor of plaintiff's employer and union in an action brought under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The district court dismissed the complaint upon finding that there was no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law because the plaintiff failed to exhaust his intra-union remedies. The collective bargaining agreement required exhaustion of such remedies.
 
 
 2
 The plaintiff-appellant argues in this court, as he did in the district court, that he was entitled to be excused from the exhaustion requirement because he was suffering from a mental or emotional impairment which made it impossible for him to take the required steps. The plaintiff conceded that his case did not precisely fit any of the three circumstances which the Supreme Court has identified as a proper basis for a trial court's exercising its discretion to excuse exhaustion. See Clayton v. International Union, UAW, 451 U.S. 679, 689 (1981). However, he argues that the three examples listed in Clayton are not exclusive and that the purpose of permitting a discretionary decision to excuse a party from an exhaustion requirement would be served by recognizing his mental condition as a valid excuse.
 
 
 3
 Both defendants filed supporting materials in connection with their motions and the plaintiff did not file affidavits, depositions or other materials under oath in response to the motions, but relied on the allegations of his complaint and a brief filed by his attorney. This was not sufficient to create a genuine issue of material fact. While the complaint stated that the plaintiff was unable to continue working because of an alleged mental or emotional impairment, it did not state that plaintiff was prevented by such an impairment from exhausting his internal union remedies. Nothing in the record before the district court at the time it took the motions of the defendants under submission created an issue of fact as to whether plaintiff was prevented by reason of a mental or emotional impairment from pursuing his internal union remedies.
 
 
 4
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not err in granting summary judgment to the defendants. Accordingly, the judgment of the district court is affirmed for the reasons set forth in that court's opinion dated October 21, 1985 and filed the same date.
 
 
 
 *
 The Honorable Charles Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation